**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

**VIAGLOBAL GROUP, LLC.,**
One Park Place, Suite 550                                    *
Annapolis, Maryland  21401
                                                             *
    **Plaintiff**
**v.**                                                       *

**TAILORED TRAINING PROGRAMS, LLC**    *
104 Lockerbie Court
Pinehurst, N.C.  28374                                       *

    and                                  *    **Case No. 1:10-cv-1990**

**KRISTIN RICHMOND**                                         *
104 Lockerbie Court
Pinehurst, North Carolina  28374                             *

    **Defendants**                        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**COMPLAINT FOR DECLARATORY JUDGMENT**

    **NOW COMES** Plaintiff ViaGlobal Group, LLC, by and through its undersigned counsel, and brings this Original Complaint for Declaratory Judgment against Defendant Tailored Training Programs, LLC, and Defendant Kristin Richmond, and for reason therefore states as follows:

**PARTIES**

    1.    Plaintiff ViaGlobal Group, LLC ("Plaintiff") is a Delaware limited liability company that is headquartered in the State of Maryland.

    2.    Defendant Tailored Training Programs, LLC ("TTP") is a limited liability company organized in the State of North Carolina.  Defendant TTP regularly conducts business in the State of Maryland.

1

3.      Defendant Kristin Richmond ("Richmond") is a citizen of the State of North Carolina. Defendant TTP regularly conducts business in the State of Maryland.

## JURISDICTION

4.      The Court has jurisdiction over this action under 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, excluding interests and costs.

5.      Venue in this District is proper pursuant to the provisions of 28 U.S.C. §1391(a) and (c).

6.      Plaintiff bring this claim for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §2201-2202.

## FACTUAL ALLEGATIONS

7.      ViaGlobal is engaged in the business of providing expert programs, consulting services, and other assistance to United States Government and Intelligence clients.

8.      Defendant TTP is engaged in the development of training programs to the United States Government and intelligence clients.

9.      Defendant Richmond was the Member, Manager and President of Defendant TTP at the time ViaGlobal entered into negotiations to purchase Defendant TTP and its business. After review and approval from the Board of Directors and the Chief Executive Officer, on or about December 31, 2008, Plaintiff and Defendant Richmond, on behalf of Defendant TTP, entered into an agreement (the "Agreement") for Plaintiff to purchase "all of the business and assets comprising TTP's business . . ." in exchange for good and valuable consideration to Defendants.  (The Agreement is governed by Maryland law.)

10.    The Agreement provides that

"[e]ffective as of 12:01 a.m. January 1, 2009, (the "Effective Time"), ViaGlobal shall and hereby does purchase from TTP, and TTP shall and hereby does sell, assign, set over, transfer and convey to ViaGlobal, all of the business and assets comprising TTP's business (the "Business"), including but not limited to . . . any and all contracts to which TTP is a party (the "TTP Contracts"), but only to the extent such Contracts are assigned and assumed hereunder in accordance with Section 3 below."

11.    In addition,  Section 3 of the Agreement contains the following relevant provision:

"By this Agreement, the parties acknowledge and agree that (i) the Assigned/Assumed Contracts were purchased by ViaGlobal pursuant hereto, (ii) TTP has hereby assigned all the Assgined/Assumed Contracts to ViaGlobal pursuant hereto, and (iii) ViaGlobal has hereby assumed all of TTP's rights, duties and obligations under the Assigned/Assumed Contracts, but only to the extent that such rights, duties and obligations accrue or arise after the Effective Time."

12.    After the Effective Time, ViaGlobal proceeded to exercise sole discretion with respect to contracts assumed and assigned from Defendant TTP as provided for in the Agreement.  Subsequent to the Effective Time, Defendant Richmond worked as Vice President of ViaGlobal to facilitate the transition of TTP into ViaGlobal.  (Defendant Richmond's employment with ViaGlobal ended in July, 2010.)

13.    In July, 2010, Defendants presented to ViaGlobal an alleged "Addendum" to the Agreement, in which ViaGlobal purportedly repudiated extremely valuable consideration provided by Defendants to Plaintiff under the Agreement.

14.    This alleged Addendum – which completely eviscerates the benefits flowing to ViaGlobal under the Agreement – was purportedly signed by the former President of ViaGlobal, who had absolutely no authority of any kind whatsoever to agree to the provisions set forth in the

3

Addendum.   Moreover, Defendants did not offer or provide consideration of any kind whatsoever to ViaGlobal in exchange for the purported concessions made by ViaGlobal in the alleged Addendum.  As such, the purported Addendum is null and void, and of no legal effect whatsoever.

15.   Subsequent to Defendants presenting to ViaGlobal the alleged Addendum, and with actual malice and with the specific goal of inflicting harm upon the business interests of ViaGlobal, Defendants attempted on June 15, 2010, to interfere with ViaGlobal's contractual relations with Raytheon Company ("Raytheon") by falsely advising Raytheon that Defendant TTP had assumed ViaGlobal's contractual rights with Raytheon.  Defendants further attempted to exclude ViaGlobal from communications with Raytheon regarding ViaGlobal's contractual interests with Raytheon.  Defendants blatant misconduct appears to be in reliance upon the false impression that such tortuous conduct is authorized by the Agreement and/or alleged Addendum.

16.   Defendants actions to make material changes to the original Agreement without knowledge, review, or approval from the Board of Directors and Chief Executive Officer; Defendants attempt to modify the Raytheon contract to have all communications, payments, and pertinent information sent to Defendants instead of to ViaGlobal; and Defendants attempt to prevent Raytheon from communicating with Plaintiff violates the Agreement.

## COUNT I

(Request for Declaratory Judgment – Addendum)

17.   Plaintiff incorporates the allegations contained in Paragraphs One (1) through Sixteen (16) as if stated fully herein.

18.     An actual, present and justiciable controversy has arisen between Plaintiff and Defendants due to Defendants' immediate intention to prevent ViaGlobal from exercising valuable, indispensable rights under the Agreement.

19.     Plaintiff seeks declaratory judgment from this Honorable Court that the Addendum is void under Maryland law because (a) ViaGlobal did not at any time authorize any such addendum; (b) the President of ViaGlobal had absolutely no authority of any kind to execute the alleged Addendum; and (c) the alleged Addendum is not supported by consideration to ViaGlobal of any kind whatsoever, and, as such, it is null and void.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(A)     Declare the Addendum to be void under Maryland law;

(B)     Award Plaintiff its costs and attorneys' fees associated with this action; and

(C)     Enter such other and further relief to which Plaintiff may be entitled as a matter of law, or which the Court determines to be just and proper.

Respectfully submitted,

_____
Douglas W. Desmarais (Bar #5180)
Smith & Downey, P.A.
One W. Pennsylvania Avenue, Suite 950
Baltimore, Maryland  21202
Phone: (410) 321-9000
Fax: (410) 321-6270
ddesmarais@smithdowney.com

*Attorneys for Plaintiff.*